Good morning, Your Honors. May it please the Court, Sarah Weinman, on behalf of Appellant Mr. Rodriguez. Mr. Rodriguez entered a plea pursuant to a plea bargain. That plea bargain was that Mr. Rodriguez would plead no contest to general controlled substances, in the plural, under California Health and Safety Code 11351, contingent upon positive lab results showing a usable quantity of controlled substances. The lab results came back positive for controlled substances, prompting the State Court to issue a minute order stating that Mr. Rodriguez's conviction was to count one as per plea bargain. And every other conviction record, beginning with the change of plea form through to that minute order, reflects the controlled substances language of the plea bargain. In fact, beyond the complaint, there is no mention of heroin or any other specific drug type in the conviction record. Does California allow you to be convicted without specifying any controlled substance in particular? Yes. And I would point the Court to the California cases cited in the opening brief at pages 22 and 23, in particular to Ross v. Municipal Court, in which a complaint alleging use of a controlled substance was found to be sufficient. Here, because the affirmative language showed that the count was as per the plea bargain, not per the complaint, and because the affirmative language in the plea bargain showed that the plea agreement was to controlled substances, this makes Mr. Rodriguez's conviction overbroad and makes a 16-level enhancement inapplicable. But each of the post-indictment or complaint documents that are at play here do expressly reference count one. So that's correct. They reference count one, and they … And so there's no ambiguity, like count 1A, when there wasn't a 1A, has occurred in other cases. It just said count one. It says count one, and again, the minute order says per the plea bargain. So we look to the change of plea form. That's at Excerpts of Record 100, which provides, Client pleads no contest to H.S. 11351, count one, plea contingent upon a showing of positive and usable quantities of controlled substances. Dismiss all other counts, charges, allegations. The plea form also states that the contingent plea to controlled substances was reached, quote, as a result of plea bargaining after discussing with his attorney the possibility of being convicted on other more serious charges and or risking the possibility of a longer sentence. So how does that change the substance involved at all? It doesn't mention drug type. It changes the count to controlled substances in the plural under 11351, dismissing all other allegations. And again, that's contingent on lab results showing a testing positive for a usable quantity of controlled substances. Then we look to the … You're saying substance is plural. The form has both the singular and the plural. So I'm not sure that there's really been an amendment of the criminal complaint. The language where the – the language on the change of plea form which provides for the contingency states that the – states specifically that the contingency is that lab results have to test positive for controlled substances. And the offense on the same, very same page says possessed, purchased, for sale, controlled substance, plural. I bet they don't. What basis is there to infer that there's been any amendment to count one? I would point to the language on the change of plea form indicating that this bargain was reached as a result of plea bargaining, was agreed to by the district attorney, and that the district attorney thereby agreed to dismiss all other allegations contingent upon positive showing of controlled substances in the plural. But that – that positive – the lab test has nothing to do with whether it's a given substance. It has to do with quantity. So why should this provide any basis to suspect the substance is something other than what count one charges? Because the contingency, again, was for a usable quantity of any controlled substance under the statute. So here what we have is my client admitted guilt to controlled substances under the statute, assuming that they could prove any controlled substances under the statute. So the fact that – This plural versus singular I'm a little confused by, because isn't your point just that it might not be heroin and some of the substances that it could be, even if it's a single one substance? There are substances in California law that wouldn't meet the Federal definition? That's right. So what my – what happened here is my client is effectively saying, I'm guilty of some version of controlled substances as long as the labs can prove it. He's not saying, I'm guilty of the count as charged. And so we have to – Well, he's – but it's count one. Whatever changed count one to make it a different substance? The plea negotiations and the modification reflected in the change of plea form. I look at the change of plea form and it specifies count one. It's still count one. There's nothing that changes the allegations within count one. Well, again, we would have to look to the court's minute order, that's the excerpts of Record 90, in which the order states that the count is per the plea bargain. Now, this distinguishes Mr. Rodriguez's case from this Court's cases in which abstract of judgment or minute order stating simply count one has been read to refer back to the complaint. Here, the minute order specifically says we refer back to the plea bargain. And we look to the plea bargain and we see that this was a negotiated plea to a controlled substance contingent on lab results showing a usable quantity of controlled substances under 11351, which we – as we know, includes a broader range of drug types than that covered by the Federal – You have an argument about the fine that would be given for heroin that wasn't given. Are there fines for other controlled substances under California law? Can you tell us a little bit more about your argument about the lack of a fine? I'm not aware of other mandatory fines that would be imposed under other – for other drug types. What the complaint states as part of count one was that Mr. Rodriguez possessed more than 14.25 grams of heroin, therefore requiring this mandatory fine to be imposed under California law if the State court found an ability to pay. And that's a special allegation. That's what's called a special allegation? Yes. And the State court did find an ability to pay, but no mandatory fine was imposed. That, at a very minimum, adds some ambiguity that Mr. Rodriguez pleaded to the count as charged in the complaint. And just to get back to my point about – The ambiguity has to do with quantity, not what the substance was. We don't know if it has to do with quantity or the substance. There were two allegations there. One was to quantity and one was to substance. And the only thing the change of plea does is talk about measuring quantity. Of controlled substances. And the confirmation of labs hearing states usable quantity. And the minute order states we look back to the plea bargain, which only specifies controlled substances. He was charged that the second count was for meth. Correct. I mean, there's no allegation of anything else. And it clearly states they're going to dismiss count two and he's pleading to count one, right? It states that all other counts and all other allegations would be dismissed. It includes count two, so that's pretty clear that he's not being convicted of meth. Right.  So, again, Mathis recently stated that one of the basic reasons we use the categorical or modified categorical approach is to avoid unfairness to defendants. What exactly is unfair? I mean, is there any realistic possibility it was something other than heroin or, for that matter, meth, which would also qualify? Again, we know from Rossby Municipal Court that a charging document – pardon me – a charge to controlled substances is sufficient under California law. We have language here that the count one was per the plea bargain and the plea bargain states controlled substances. That is sufficient under California law. That was the bargain reached by my client. To rewrite at this point the bargain for terms to read back in the language from the complaint would be to undermine the bargain that he reached and to create unfairness to Mr. Rodriguez that the modified categorical approach is intended to prevent. With that, I'd like to reserve the remainder of my time. You may. Good morning, Your Honors. May it please the Court, Colin McDonald for the United States. The United States is asking this Court to affirm Rodriguez's sentence. There's no ambiguity in the conviction documents that were before the California State Court, that were before the District Court, and this Court's precedent clearly establishes that the documents that the District Court relied upon to find Rodriguez's prior drug trafficking offense clearly establishes that the 16-level enhancement was appropriate. Count one of the complaint charged Rodriguez with possession for sale of heroin. There's no dispute that that is a drug trafficking offense. Three reliable court records then confirm that Rodriguez pled to count one. Unfortunately, none of them mention what the substance was. That is unfortunate, and that would certainly make this an easier case, but none of the cases do, Your Honor. Leal Vega, Torrey Jimenez, Valdovinos, Kabanek, Coronado, none of the cases do. That's why we have this entire band of case law that says, when we're trying to decipher whether this is a prior drug trafficking offense, we can look back to the complaint. But so the complaint talked about heroin and an amount. Yes. If both of those things had been found, he would have needed a fine, right? I think that's right. So there was no fine. So we know something changed in the change of plea. So how do we have any reason to think that it was the quantity that changed and not the heroin that changed? We know something changed. He didn't actually plea to this count because he couldn't have, right? Well, he pled to the substantive count. Well. The special allegation was dismissed. It's a very simple answer. ER-100 specifically states that all other charges, counts, and allegations dismissed. But why – I mean, I read that as just meaning that count two is dismissed. Well, how do you read that as we should interpret that to mean that the quantity goes away but not the drug and otherwise count one is left? Can you explain more why you're saying that? I think I can, Your Honor. So the fine provision is a special allegation. So the vernacular that would be used would be allegation. So is that a statutory term or just a term in use? Is there a legal term, special allegation? I think it's a well-recognized term that applies to that particular allegation. I think both the parties are on the same page in terms of calling that an allegation. So when it's referred to at ER-100, that's something different from counts. It means allegations really mean special allegations. I think so. That's the way that I would read that. We can't see that from the face of the complaint, can we? I mean, it doesn't – I don't think, unless I'm missing it, I don't see any word allegation there or any separate treatment. It's listed as part of count one. It is. The third paragraph of count one, I take as what you're referring to. It is further alleged as to count one, blah, blah, blah, blah, possessed for sale, and that's where the quantity is specified, 14 and a quarter grams. That's correct, Your Honor. Is there any doubt that that's what's called in the field a special allegation? Not in my mind. I didn't dig into that specific term. I think both the parties refer to it as a special allegation in our briefs. That's the way that I understand it. And I think that in the plea form, where it refers to all other counts, charges, and allegations, I don't know what that would be referring to if it wasn't referring to that special fine allegation. There's nothing else in there. Count two includes a methamphetamine charge, and it's just a straight one count. So I don't know why there would be the additional delineation between counts, charges, and allegations. In fact, the only time the word alleged in the complaint appears in that third paragraph of count one, is that correct? The word alleged does appear in that particular paragraph. But anywhere else is my question. It doesn't look like it to me. I'm doing a bit of speed reading. I don't see it anywhere else in the complaint, the word alleged. So your argument, I would assume, would be that since that's the only place the word allegation or alleged occurs, the plea agreement, when it refers to counts, counts, and other things, that the term of usage obviously refers to this one quote allegation. I would agree. That's correct, Your Honor. Now, with respect to the remainder of the documents that specifically show that Rodriguez pled to count one, we also have the plea colloquy. We have the transcript where the court twice confirms that Rodriguez was pleading to count one. And the court at the end of it said, now this is all contingent on positive labs being returned. The court there didn't say anything about, you know, that any amendment had been made, that controlled substances generally would suffice. He just said, look, this is contingent on positive labs being returned. And that's perfectly appropriate. At that time, the labs hadn't come back. And so the government hadn't proved that the drug was what they said it was, that is heroin. So I would say the only difference between this case and the five other cases, Torre Jimenez, Leal Vega, Valdovinos, Cabanac, Coronado, is that the lab results hadn't returned back yet at sentencing in this case. Do you agree that you can be convicted under California law for a controlled substance without specifying which one? There's very old case law that they rely on that possibly suggests that. But I would say no. And the reason is because the entire reason why the modified categorical approach is available to us is that the controlled substance is an essential element of 11351. That comes straight from Torre Jimenez. And this is another quote from Torre Jimenez. California state law treats the type of controlled substance as a separate element with respect to drug offenses. That's the entire reason why the modified categorical approach is available to this court. That's what allows us to look to the complaint to see what specific drug the defendant pled to. So the United States argues that there's no ambiguity in these documents. The complaint is clear. Now, maybe one further point with regards to why the plea form doesn't mention heroin. It's because the name of 11351 is possession or purchase for sale of a controlled substance. So that's why it's noted there as count one. And it's merely the name of the offense. But the specificity required under California law is provided in the complaint where the DA went further to provide that the specific drug type was heroin. And unless the court has any further questions, I will submit. You would concede that the government has the burden of proving that clarity by clear and convincing evidence. We do. I do concede that. And I believe that the record here, in accord with the five cases that show similar documentation, is sufficient to show by clear and convincing evidence that the offense was drug trafficking, that this case falls directly in line with those cases. Thank you, Your Honors. Thank you. Rebuttal. Just to pick up on that very last point. Specificity is not required under what the government agrees is very well-established case law in a charging decision. And those cases that I cited, once again, state that a charge to controlled substances is sufficient under California law. Doesn't that create the tension he's discussing, though? Maybe that means our case law is wrong about how we read California law and whether we can apply the modified categorical approach at all. Well, I do think that Mathis requires Coronado to be reconsidered. But what we know, and the government has distinguished those cases that we cited previously by stating that they're charging decisions. And what we have here is a change to a charging document, to the charge to controlled substances. And I would also want to get to the government's point that clear evidence has been provided here, clear and convincing evidence to meet their burden. Far from it. You know, this Court has held that where the records are ambiguous, the judgment remanded order requires a specific language as per the complaint in order to tie the charges in the complaint to the conviction. Can I ask you about this? So I hadn't understood this terminology, really, of special allegation. Do you agree that this alleged thing about the quantity and then the fine is a special allegation and is what the change of plea was referring to by allegation? It is a special allegation. It is one of the allegations in Count 1. Another allegation is where Count 1 says, to wit, heroin, which this Court has held that any language following to wit is surplusage. That is an allegation in Count 1. Well, the jury is, I mean, we get cases with special allegations a lot and jury verdict, and we see them in habeas context a lot as well as sentencing. And you'll have a jury verdict that finds somebody guilty, take the easy case, guilty of murder, and then they find true the special allegation that a firearm was used. That comes back separately on the jury verdict form. They have to find that. I infer the same thing would happen here with regard to, first, are you guilty of Count 1, and second, if so, is the special allegation true? If so, I think we would expect to find language in the change of plea form and subsequent transcripts stating that the special allegation was dismissed. We don't see that. Well, we do. There's exactly that language in the special, in the change of plea form. I disagree, Your Honor. The change of plea form says all other charges, counts, allegations dismissed. There's no specificity that that refers to the special allegation. It refers to the What does allegation refer to? It says counts, charges, allegations. I'm not sure what else it could refer to. It refers to allegations in Count 1 that were not pleaded to. And the allegations in Count 1 that were not pleaded to includes to wit heroin. And so you're saying that the jury verdict form would have Count 1 and then would have an allegation for heroin and would have an allegation for quantity? It wouldn't all be part of the count? The drug type wouldn't be part of the Count 1 first question the jury would answer? I can't say that I've seen a jury verdict form for this particular fine language, so I can't answer that question based on experience. What I can point you to, again, is to the language in the minute order that says we look to the plea bargain. That takes the complaint out of the question. This was a bargained for plea agreement. The plea was to controlled substances contingent on positive findings of a usable quantity of controlled substances. Is it the practice, though, in State court to have a separate special verdict form on quantity in a Count 1 situation like this? Again, I'm not certain, Your Honor. Thank you. Thank you.  The case just argued is submitted.
judges: Clifton, Friedland, Chen